IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 7:08-CR-019 |
| | § | |
| JOANNA LYNN MCGEE | § | |

**MEMORANDUM AND ORDER ON MOTION TO SUSPEND RESTITUTION ORDER**

Joanna Lynn McGee (hereafter simply "McGee), acting *pro se*, seeks relief from her scheduled restitution payments under 18 U.S.C. §3664(k) asking the Court to "suspend" payment of restitution "until her release." She implies that after paying for her medication, hygiene items, clinic visits, clothing, postage and phone calls, there is not enough of her earned income to pay her restitution payments without her family's financial help.

On April 13, 2009, McGee was convicted on her guilty plea to the offense of embezzlement from a Credit Union and sentenced to a term of imprisonment and ordered to pay restitution. By is Judgment, the District Court imposed a term of 71 months with a term of 5 years supervised release. The Court did not order a fine, finding that "the defendant does not have the financial resources or future earing capacity to pay a fine." In compliance with the Mandatory Victim Restitution Act of 1996, the court ordered restitution in the amount of $2.063.891.29.....payable immediately and any remaining balance shall be payable during the incarceration. The judgment went on further to provide:

> "If upon commencement of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after the release from custody at the rate of $300.00 per month until the restitution is paid in full."

The Judgment further waived the imposition of interest on the restitution amount.  The time limit for a direct appeal of McGee's sentence has long since expired.

Addressing McGee's claim under the cited Section 3664(k), the Attorney General opposed McGee's motion asserting that McGee wholly failed to allege or prove any change in her economic circumstances warranting any relief under 18 U.S.C. §3664(k). After all says the Attorney General, even if McGee's family is incurring financial hardship by helping her purchase items or pay the restitution, the Court did not order her husband( now-ex-husband) or her family to pay or help her pay the restitution payments, and what she has been spending her money on in prison (to-wit, cloths, personal hygiene items, postage, phone calls, medicines, medical care)  can be supplied by the prison itself under various programs available to indigents. Furthermore says the Attorney General, there is an Inmate Financial Responsibility Program (IFRP) that has the authority to help the inmate make a plan to meet the inmates financial obligations.  So McGee may  be seeking to challenge in this Court an IFRP administrative decision, but has failed to initiate such challenge before the IFRP or on an administrative appeal, and therefore has failed to exhaust her administrative remedies.  Such failure precludes her from pursuing the relief under the guise of a 28 U.S.C. §2241 habeas corpus writ. So, says the Attorney General, this court does not have jurisdiction to consider McGee's Motion and must dismiss it.

It is for the Court to determine the basis for its jurisdiction to consider the matter alleged whether or not properly cited by the *pro se* movant.  There are two potential statutory sources for this Court's jurisdiction to consider the relief requested by McGee.  The first is 18 USC §3664(k)

which provides for an <u>adjustment</u> of a restitution order by the court that imposed it.[1] The second is 28 USC §2241 which allows a prisoner to challenge the incarcerating institution's administration of its programs as they affect the prisoner.[2] The first of these, §3664 (k) requires the prisoner to establish a "material change of conditions" warranting an adjustment of the payment schedule that may be granted by the Court in "its discretion" subject only to an "abuse of discretion" standard.[3] The second, 28 USC § 2241, requires that a prisoner first exhaust his administrative remedies, if any, prior to proceeding in the District Court.[4] Here, a plain reading of McGee's motion reflects that McGee seeks a suspension (or adjustment) of her payment obligation *during* the term of her incarceration, not any suspension (or adjustment) of a payment schedule applying to the time *after* her release (ie. the period of her supervised release.) The judgment of the District Court did impose a restitution order and did establish a payment schedule (set periodic payment and amount) to apply to the period of her supervised release, but *did not* establish any *payment schedule* applicable to the period of her incarceration.[5] How

---

[1] (k) A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

[2] See *United States v. Diggs,* 578 F.3d 318 (5th Cir. 2009).

[3] *United States v. Myers*, 198 F. 3d 160 (5th Cir. 1999).

[4] *Diggs*, supra.

[5] Similar to the sentence *United States v. Caldwell*, 302 F. 3d 399, 420-21 (5th Cir. 2002) where the court noted that adjustment of the restitution payment schedule could be made by the district court under 18 USC §3664(k).

much to be paid and at what frequency during her imprisonment was unspecified by the Court.

The Response of the Attorney General did not disclose whether or not the IFRP or any other agency had imposed a restitution schedule for McGee to perform during her term of incarceration. Thus the Court could not, at the pleading stage, determine that the exhaustion condition applies. Similarly, although McGee has the burden of proving that a change of conditions has occurred, the Court could not dismiss her motion in so far as it is brought under 18 USC §3664(k) until she had been afforded the opportunity to make such proof.[6] Hearing on this matter was set for May 2, 2010. Docket No. 42.

At the telephone hearing, McGee participated by telephone from the place of her incarceration. The United States appeared by and through its Assistant District Attorney Mr. Richard B. Vance. The Credit Union victim appeared by telephone through its attorney Henry L. Rugeley III. Present in the courtroom was McGee's mother, Janice Wilson. Since McGee's mother anticipated being a witness, she was excused from the courtroom after Mr. Ruguley invoked "the rule." McGee was sworn by the Court.

All parties stipulated that McGee is presently incarcerated in this Northern District of Texas. All parties stipulated that after the sentencing of McGee she was divorced by her husband and remains divorced and unmarried at this time. McGee acknowledged that she is currently participating in the IFRP which previously had directed that she pay $81.00 in restitution payments monthly but on May 25, 2010 had reduced the amount to $41.00 per month. McGee did not challenge the amount of the total restitution payment or of the partial payments of $300.00 per month during the period of supervised release as was provided in the judgment. Rather, she was challenging or seeking relief from the amount of restitution payments directed by the persons administering the IFRP.

---

[6] See *United States v. Flemons*, 277 Fed. App'x 367, 369 (5th Cir. 2008).

The Court did proceed to take testimony from McGee as to her claimed change in financial condition since the date of sentencing. However, under the rationale below, this issue is moot.

McGee's motion and requested relief under the cited §3664(k) are clearly governed by the Fifth Circuit's holding in *United States v. Diggs*, 578 F. 3d 318 (2009). There Diggs, as here with McGee, the prisoner was seeking to modify the amount of his restitution directed under the IFRP program to be paid during the term of his incarceration and was not challenging the district court's restitution order. In *Diggs* the Court held that his claim could not be brought under §3664(k), but had to be brought under 28 U.S.C. §2241 in the district of incarceration. But here, unlike *Diggs*, McGee's motion is made in the district of her incarceration.

Treating McGee's claim as having been brought under §2241 in this district (ie. stipulated district of incarceration), she must nonetheless, show that she has exhausted all administrative remedies.[7] McGee admitted that she was not aware of any right to appeal the administrative determination of the amount of her restitution payment nor had she pursued any such appeal. Therefore, I find that McGee has failed to pursue her available administrative remedies. Under the authority of the Fifth Circuit's holding in *Diggs*, I recommend to the District Court that McGee's motion be dismissed, without prejudice, for want of subject matter jurisdiction.

It is so ORDERED, this 27th day of May, 2010.

                                            *Robert K. Roach*
                                            Robert K. Roach
                                            UNITED STATES MAGISTRATE JUDGE

---

[7] *Diggs*, at 320.

<u>Standard Instruction to Litigants</u>

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).